Eugene R. **SIGNORILE**, Plaintiff-Appellee,

v.

**QUAKER OATS COMPANY**, Defendant-Appellant.

No. 73-1687.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1974.

Decided July 8, 1974.

William D. Maddux, Gary M. Elden, Chicago, Ill., for defendant-appellant.

Norman Lettvin, George H. Gerstman, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and STEVENS and SPRECHER, Circuit Judges.

SWYGERT, Chief Judge.

Defendant-appellant Quaker Oats Company appeals from a judgment awarding attorney's fees to plaintiff-appellee Eugene Signorile after the dismissal of his action. Signorile sought damages for the misappropriation of a trade secret. The district court dismissed the action for lack of diversity. The only issue is whether the court properly ordered the defendant to pay plaintiff his attorney's fees incurred during the pendency of the aborted lawsuit.

The plaintiff based federal court jurisdiction in an allegation that he was an Illinois resident and that the defendant was a New Jersey corporation with its principal place of business in that state. Quaker Oats admitted in its answer that it was a corporation organized under the laws of New Jersey and that its principal place of business was in that state. Some ten months after the answer was filed an attorney different than the one originally assigned but from the same law firm that represented Quaker Oats looked at the case. Upon investigation, this new attorney became aware that the principal place of business of the company was in Illinois not New Jersey and concluded correctly that there was no federal jurisdiction under section 1332, 28 United States Code. The attorney then informed Signorile's counsel of this fact and moved in the district court to dismiss the complaint for lack of jurisdiction. In doing so he offered to stipulate that all discovery in the federal court could be used in a state court proceeding.[1] The plaintiff opposed the motion, arguing that Quaker Oats was estopped after discovery had

---

1. The district judge found the discovery obtained during the pendency of the case will be substantially usable in any subsequently filed state court action.

proceeded from refuting that its principal place of business was in New Jersey and that in any event the defendant had failed to show that its principal business was in Illinois. Alternatively, plaintiff requested that if jurisdiction was absent, he was entitled to an award of costs because of the "substantial prejudice" caused him by the defendant's faulty admission.

The district judge, after finding that defendant's principal place of business was in Chicago and rejecting plaintiff's estoppel argument, dismissed the action. (See Rule 12(h)(3), Fed.R.Civ.P., and Page v. Wright, 116 F.2d 449 (7th Cir. 1940).) In his dismissal order the judge indicated that plaintiff should recover a portion of his costs "by reason of defendant's culpable delay in filing its motion [to dismiss]." After receiving memoranda and conferring with counsel representing the parties, the court entered judgment for Signorile in the amount of $3,548.88. Included in that sum was $3000 representing attorney's fees which was, according to the judge, "the result of defendant's culpable negligence in filing a false answer."

## I

■ Defendant contends that because this is a diversity case, Illinois law governs and according to Illinois court decisions, recovery of attorney's fees is not permitted, unless statutorily authorized, citing House of Vision, Inc. v. Hiyane, 42 Ill.2d 45, 245 N.E.2d 468, 472 (1969). The only statute arguably applicable according to the defendant is a provision in the Illinois Civil Code, Ill. Rev.Stat.1971, ch. 110 § 41, which deals with false allegations and denials in pleadings. Defendant argues that under the facts here that section is inapplicable. We would be inclined to agree if we were to reach the issue. But we are of the view that Illinois law, decisional or statutory, does not govern. Since diversity was lacking, jurisdiction never

attached in the federal court. Factually, of course, there was an action, but one not stemming from diversity.

## II

■ Turning to the authority to award costs, upon the dismissal of action filed in a federal court an early Supreme Court case dealt with the question. In McIver v. Wattles, 9 Wheat. 650, 22 U.S. 650, 6 L.Ed. 182 (1824), Chief Justice Marshall, speaking for the Court, said that "in all cases where the cause is dismissed for want of jurisdiction, no costs are allowed." Since the Court said no costs were allowable perforce that holding covered attorney's fees. The inability of the federal courts to award costs upon dismissal as announced in *McIver* was subsequently later remedied by statute. The present statute, 28 U.S.C. § 1919 provides:

> Whenever any action or suit is dismissed in any district court for want of jurisdiction, such court may order the payment of just costs.

The immediate predecessor of section 1919 was 28 U.S.C. § 80, 1940 ed. (Act of March 3, 1911, ch. 231, § 37, 36 Stat. 1098). That statute provided in relevant part that the courts "shall make such order as to costs as shall be just." The change from "costs as shall be just" to "just costs" was one of phraseology and not of substance. H.R. Report No. 308, 80th Cong., 1st Sess. 162 (1947). With the current statute in mind, we must decide whether the word "costs" was meant to include attorney's fees.

Apparently the only reported case to discuss the precise question we posit is Hylte Bruks Aktiebolag v. Babcock & Wilcox Co., 305 F.Supp. 803, 810 (S.D. N.Y.1969). There Judge Cooper, the district judge, said that the permitting of the taxing of "just costs" under section 1919 may be seen as enhancing the district court's "discretion to tax extraordinary items of costs, such as attorney's fees." [2]

2. The district court in Hylte Bruks Aktiebolag v. Babcock & Wilcox Co., *supra*, did not award attorney's fees when it dismissed the appeal for want of jurisdiction since there was no indication of "fraud or trickery" practiced upon the court or the other party.

In Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), the word "costs" was interpreted in an analogous statute, 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment of decree.

There Chief Justice Warren compared the English practice of awarding attorney's fees as part of the costs with the American rule of not ordinarily allowing attorney's fees to be recovered absent a statute or enforceable contract providing for such recovery. He reviewed the exceptions to the American rule in admiralty cases, civil contempt proceedings, and actions that benefit persons other than the immediate parties to the suit. Finally, the Chief Justice rejected the contention that the statutory definition of that term "costs" in section 1920 includes attorney's fees since, according to his view, that would require the Court "to ascribe to Congress a purpose to vary the meaning of that term without either statutory language or legislative history to support the unusual construction." 386 U.S. at 720, 87 S.Ct. at 1408. We think that that statement applies with equal force to section 1919.

### III

Although plaintiff concedes that attorney's fees cannot ordinarily be awarded in federal cases absent statutory authority, he nonetheless maintains that such fees are allowable "where the circumstances so warrant," and in the interest of justice, citing Mills v. Electric Autolite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), and Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). In Mills the Supreme Court held that "[t]he absence of express statutory authorization for an award of attorney's fees . . . does not preclude such an award. . . ." 396 U.S. at 390, 90 S.Ct. at 624. The Court went on to say:

> While the general American rule is that attorneys' fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery. 396 U.S. at 391–392, 90 S.Ct. at 625.

In Sprague, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), the Court stated:

> Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the *chancellor to do equity in a particular situation*. 307 U.S. at 166–167, 59 S.Ct. at 780. (Emphasis added.)

Under the foregoing theory, the question is whether there were any extraordinary circumstances in this case which would permit attorney's fees to be awarded to plaintiff. We find none. The factual situations in Mills and Sprague are so dissimilar to the situation here as to render those cases readily distinguishable.

In the case at bar there was no showing of any financial burden or hardship to plaintiff. His access to the state courts to refile his lawsuit was unimpaired. The district court found that the discovery undertaken while the case was pending in the district court could be used in a subsequent state court action. Finally, there was no showing

that defendant's faulty admission was deliberate; rather, it can best be characterized as inadvertent or, at worst, negligent.

The award of attorney's fees was error; accordingly, that part of the judgment below is reversed. The case is remanded with instruction that the district court enter an order awarding the plaintiff $548.88. Costs on appeal are awarded to the appellant.