**EDWARD W. GILLEN COMPANY,**
**Plaintiff,**

v.

**HARTFORD UNDERWRITERS INSURANCE COMPANY, Hartford Accident and Indemnity Company, Robertson, Ryan and Associates, and Frank Oser, Defendants.**

No. 93–C–1459.

United States District Court,
E.D. Wisconsin.

April 1, 1996.

---

Jullane J. Jackson, Mequon, WI, for Plaintiff.

David W. Neeb, Davis & Kuelthau, Milwaukee, WI, for Hartford Underwriters & Hartford Accident.

Carol J. Comeau, Hogan, Ritter, Minix & Comeau, Milwaukee, WI, for Robertson, Ryan, et al. and Frank Oser.

## DECISION AND ORDER

WARREN, District Judge.

Before the Court is the defendants' Request for Taxation of Costs pursuant to Fed.R.Civ.P. 54(d) made subsequent to this Court's adoption of Magistrate Judge Aaron E. Goodstein's Recommendation that the above-referenced case be dismissed for lack of subject matter jurisdiction. On February 5, 1996, plaintiff filed a Motion in Objection to Taxation of Costs pursuant to Fed. R.Civ.P. 54(d) and Local Rule 9.03, requesting review of plaintiff's Request. On February 6, 1996, defendants Hartford Underwriters Insurance Company and Hartford Accident and Indemnity Company ("Hartford defendants"), and defendants Roberston, Ryan and Associates and Frank Oser ("Ryan & Oser defendants") responded in separate briefs. On February 14, 1996, plaintiff submitted a Reply Brief in Opposition to Defendants' Bill of Costs. For the following reasons, the defendants' Request for Taxation of Costs is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

The background of this case is complex, and consequently, an overview of the chronology of events is essential to understanding the Court's decision herein. On December 27, 1993, plaintiff Edward E. Gillen Company filed a complaint alleging numerous claims in contract, asserting this Court's jurisdiction on the basis of diversity of citizenship between the plaintiff and the original Hartford defendants. Plaintiff filed an Amended Complaint premising jurisdiction under the Jones Act, 46 U.S.C. § 688, the Longshoreman's and Harbor Worker's Act, 33 U.S.C. § 1 et seq., and Admiralty Law, as well as on the basis of diversity, on January 28, 1994. The Answer to the First Amended Complaint admitted "subject matter" jurisdiction. Shortly thereafter, on March 31, 1994, plaintiff filed a Second Amended Complaint, joining defendants Robertson, Ryan

and Associates and Frank Oser, and thus destroyed diversity jurisdiction. During an April 13, 1994, telephone conference involving the plaintiff and only the Hartford defendants, the parties agreed to pursue non-binding mediation, while the Hartford defendants reserved all jurisdictional challenges. Subsequent to the Ryan & Oser defendants' stipulation to mediation, all parties attempted to mediate their dispute throughout the remainder of 1994. Furthermore, all agreed that the defendants would be permitted to delay response to the Second Amended Complaint until 20 days after mediation had been completed or failed. On October 26 and November 7, 1994, respectively, both the Ryan & Oser and Hartford defendants submitted Answers to the Second Amended Complaint denying jurisdiction. In a December 2, 1994, Scheduling Order extending discovery deadlines, Magistrate Goodstein noted the parties' good faith efforts at mediation and their assertion that attempts at mediation had failed as of October 17, 1994.

On December 5, 1994, plaintiff informed the Magistrate that, at the request of defendants, Gillen had agreed to delay further depositions until defendants could file dispositive motions. That same letter requested that the Magistrate reconsider the discovery deadlines imposed by his December 2, 1994, Order and suspend the deposition process pending resolution of defendants' anticipated motions to dismiss. Ryan & Oser defendants' Motion to Dismiss for lack of subject matter jurisdiction followed on December 8, 1994. Magistrate Goodstein denied the request to suspend deposition taking on December 19, 1994. Shortly thereafter, on December 22, 1994, Hartford defendants filed a separate Motion to Dismiss.

Holding no federal question or Admiralty issue supported subject matter jurisdiction, on August 30, 1995, Magistrate Goodstein recommended dismissal. On November 10, 1995, this court adopted Magistrate Goodstein's Recommendation and dismissed the case for want of subject matter jurisdiction. The defendants' subsequent Request for Taxation of Costs is now under review by this Court.

## II. ANALYSIS

■ "The power to award costs under Rule 54 is a matter within the sound discretion of the district court." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 233, 130 L.Ed.2d 157 (1994) (citing *Badillo v. Central Steel and Wire Co.*, 717 F.2d 1160, 1165 (7th Cir.1983)). That discretion is abused "only when no reasonable person could take the view adopted by the trial court." *Id.* (quoting *United States v. Santiago*, 826 F.2d 499, 505 (7th Cir.1987)). Nonetheless, in exercising its discretion, courts must be mindful that under Rule 54, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Id.* (quoting *Popeil Brothers Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir.1975)). The rule states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...

Fed.R.Civ.P. 54(d)(1).

■ However, Title 28, United States Code, Section 1919 provides:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

28 U.S.C. § 1919.

As such, unlike costs awarded under Rule 54, costs awarded under 28 U.S.C. § 1919 are not subject to a presumption that they shall be awarded to a prevailing party. Rather, this Court's authority to even consider the awarding of costs in cases dismissed for want of jurisdiction is rooted in Section 1919 for the common law forbade any such award by courts. *Signorile v. Quaker Oats Company*, 499 F.2d 142 (7th Cir.1974) (citing *McIver v. Wattles*, 22 U.S. (9 Wheat.) 650, 6 L.Ed. 182 (1824)). Under the common law, "where the court has no jurisdiction, it has no power to do anything but strike the case from its docket, the matter being *coram non judice*." *Johns–Manville Corp. v. United States*, 893

F.2d 324, 327 (FE Cir.1989) (citing *The Mayor v. Cooper*, 73 U.S. (6 Wall) 247, 250–51, 18 L.Ed. 851 (1868)).

▮ The parties erroneously assert this case is controlled by Rule 54. Rather, it is governed by 28 U.S.C. § 1919. As Section 1919 governs this Court's analysis, the issue before this Court is whether the awarding of costs as requested by the defendants is just.

The record details the long, dedicated efforts the parties put forth toward mediation. Plaintiff chose not to refile this case in state court but committed to mediate. (Plaintiff Stipulation, May 26, 1994.) Defendants also stipulated to mediation and chose to delay responding to the Second Amended Complaint, including jurisdictional objections, until 20 days after the completion or failure of mediation. (Defendants' Stipulation May 26, 1994.) (*See also* Hartford Defendants' Memorandum in Support of Costs, February 6, 1996, p. 2. ("Once mediation had been agreed upon, it made no sense to press the issue of subject matter jurisdiction.")) With an eye toward facilitating the mediation process, Magistrate Judge Goodstein acknowledged the parties' mutual wish to delay the Answer to the Second Amended Complaint when establishing the discovery and mediation deadlines. (Scheduling Order, August 8, 1994.)

All parties made strategic choices they thought would best serve successful mediation. In fact, "discovery proceeded in order to develop facts necessary to fully present the matter to the mediator." (Hartford Defendants' Memorandum in Support of Bill of Costs, Feb. 6, 1996 at 2.) This court applauds the parties efforts at mediation, especially as Magistrate Goodstein has noted in this case, litigation can be very expensive and time consuming. (Magistrate's Order, December 19, 1994, p. 2.) However, as the Ryan & Oser defendants point out, the depositions here are essential to analyzing and

evaluating the merits of the case. (Ryan & Oser Brief in Opposition to Plaintiff's Motion and Objection to the Taxation of Costs, February 6, 1996, pp. 5–6.) As such, should the case be heard in state court, the prevailing party's costs are recoverable under Wisconsin law.[1] Should the case not go to state court, each party will bear its own costs of mediation.

▮ Absent exigent circumstances, it does not serve justice to tax costs of discovery subsequent to dismissal for lack of subject matter jurisdiction. *Signorile*, 499 F.2d at 145. There is no showing before the Court of financial hardship or prejudice to the parties. *Id.* Nor is there here any evidence of culpable delay, making the award of costs just. *Id.* at 143–44. In fact, all parties chose to pursue mediation to the exclusion of options that existed from the time of the Second Amended Complaint; plaintiff could have refiled in state court at any time, defendants could have immediately responded to the Second Amended Complaint. The entirety of the record indicates these options were not chosen so as to promote healthy conditions for mediation. This court does not wish to discourage parties from maintaining such conditions.

It must be noted that defendants Ryan & Oser misunderstand the consequence of a district court's finding that a particular party has prevailed under Rule 54. If defendants were prevailing parties they would not be "entitled to costs" when a case is "dismissed for lack of jurisdiction." (Defendants' Robertson Ryan/Oser Brief in Opposition, p. 4.) The case on which defendants rely for this proposition does not dictate a conclusion of entitlement to costs. *Guenther v. Morehead*, 272 F.Supp. 721 (S.D.Iowa 1967). Indeed, that case, carefully reasoned by the Southern District of Iowa, rests upon the Packers and Stockyards Act, 7 U.S.C. 210(f), and its interplay with Rule 54.[2] In any event, Rule 54

---

1. Wis.Stats. § 814.03 states: Cost to defendant. (1) If the plaintiff is not entitled to costs under s. 814.01(1) or (3), the defendant shall be allowed costs to be computed on the basis of the demands of the complaint. *See also Strong v. Brushafer*, 185 Wis.2d 812, 818, 519 N.W.2d 668 (Ct.App. 1994) (if plaintiff is not entitled to costs, defen-

dants "shall" be allowed costs because statute language is mandatory, not discretionary).

2. Neither is *Mashak v. Hacker* of much assistance to the defendants. 303 F.2d 526 (7th Cir.1962). That case, although accurately described as directly on point, does nothing more than affirm an award of just costs permitted by the language

provides a prevailing party the presumption of an award of costs, no more, no less. That presumption, albeit a very strong one, is subject to the plaintiff's attempts to overcome it and the court's discretion.

### III. CONCLUSION

After a careful review of the entire record and applicable law, the Court finds that justice is served by the denial of costs. Therefore, the defendants' Request for Taxation of Costs is DENIED.

**SO ORDERED.**

**William DUNLAP, Plaintiff,**

v.

**MIDCOAST–LITTLE ROCK, INC., Defendant.**

**No. LR–C–94–774.**

United States District Court, E.D. Arkansas, Western Division.

Sept. 15, 1995.

of Section 1919, and does so without explanation. The case makes clear that it is permissible

Denise Reid Hoggard, Janet L. Pulliam, Pulliam Law Offices, P.A., Little Rock, AR, for plaintiff William Dunlap.

Joseph H. Purvis, Dover & Dixon, Little Rock, AR, Shelley M. Roither, James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for defendant Midcoast–Little Rock, Inc.

to award deposition costs even if a case is dis-

---

missed for lack of jurisdiction but it by no means demands, or even promotes such a result.