**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MICHAEL CALLICRATE, dba Callicrate
Cattle Company,

    Plaintiff-Appellant-Cross-
    Appellee,

v.

FARMLAND INDUSTRIES, INC., a
Kansas corporation,

    Defendant-Appellee,

JIM THOMAS, an individual,

    Defendant-Appellee-Cross-
    Appellant,

and

THE CO-OPERATIVE UNION
MERCANTILE COMPANY, a Kansas
Co-Operative,

    Defendant-Appellee-Cross-
    Appellant.

No. 96-3075
No. 96-3100
No. 96-3101

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE KANSAS
(D.C. No. 93-CV-1455)

T. J. Carney of Bradley, Campbell, Carney & Madsen, Golden, Colorado (Lee Turner, Great Bend, Kansas, with him on the brief), for Plaintiff-Appellant-Cross-Appellee, Michael Callicrate, dba Callicrate Cattle Company.

Lee M. Smithyman of Smithyman & Zakoura, Overland Park, Kansas (David J. Roberts of Smithyman & Zakoura, Overland Park, Kansas, and John J. Joslin, Kansas City, Missouri, with him on the brief), for Defendant-Appellee, Farmland Industries, Inc.

Brian W. Wood of Hampton, Royce, Engleman & Nelson, Salina, Kansas (Clarence L. King, Jr. of Hampton, Royce, Engleman & Nelson, Salina, Kansas, and Timothy B. Mustaine of Foulston & Siefkin, Wichita, Kansas, on the brief), for Defendants-Appellees-Cross-Appellants, Jim Thomas and The Co-Operative Union Mercantile Company.

---

Before **KELLY, HOLLOWAY** and **HENRY,** Circuit Judges.

---

**HOLLOWAY,** Circuit Judge.

---

Plaintiff-Appellant-Cross-Appellee, Michael Callicrate, brought this action against defendants Farmland Industries, Inc., Jim Thomas, and The Co-Operative Union Mercantile Company (Co-Op) in the United States District Court for the District of Kansas, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Callicrate asserted claims of breach of contract, breach of warranty, strict liability, fraud, and for punitive damages. Upon finding a lack of diversity between the parties, the district court dismissed the action without prejudice on defendants' motions for want of subject matter jurisdiction.[1]

Following its order of dismissal, the district court awarded costs in favor of all defendants, but imposed a stay of such award with respect to Defendants-Appellees-Cross-

---

[1]The order of dismissal is not at issue on this appeal.

2

Appellants Jim Thomas and The Co-Operative Union Mercantile Company.[2] On appeal, in

No. 96-3075 Callicrate contends that the district court clearly erred by finding the costs

proper for necessary depositions and documents and abused its discretion by imposing

excessive costs. In No. 96-3100 Thomas'cross-appeal seeks reversal of the stay of the cost

award in his favor. The Co-Operative in its cross-appeal in No. 96-3101 says that the district

court correctly taxed costs but erred in staying execution of the order taxing costs.[3] We have

jurisdiction by virtue of 28 U.S.C. § 1291.

# I

Plaintiff Michael Callicrate brought this action in November of 1993 alleging various

state-law claims arising out of a dispute involving the sale of protein feed supplement by

defendant, The Co-Operative (Co-Op), to Callicrate. Callicrate based subject matter

jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. In his complaint, Callicrate

stated that he was a resident of Wyoming, that defendant Farmland was believed to be a

Kansas corporation with its principal place of business in Kansas City, Missouri, that

defendant Thomas was believed to be a resident of Kansas, and that defendant Co-Op was

a Kansas corporation with its principal place of business in Kansas. Supp. App. 1.

---

[2] Defendant-appellee, Farmland Industries, Inc., was not named in the stay order and is therefore not a party to the cross-appeal.

[3] Following oral argument, on August 18, 1997, Callicrate and Thomas filed a notice of settlement with this court. Thus, Callicrate's appeal of the award of costs in favor of Thomas as part of its appeal in No. 96-3075, and Thomas' cross-appeal of the stay in No. 96-3100, are moot and will be dismissed.

3

In January and February of 1995, Callicrate filed two separate motions for partial summary judgment against Co-Op and Thomas, to which these defendants eventually filed a response. All defendants additionally filed motions to dismiss for lack of subject matter jurisdiction in March of 1995, alleging that Callicrate was, in fact, a resident of Kansas. The depositions of ten individuals were cited or used by the parties in these jurisdictional motions and briefs and in Callicrate's motions for partial summary judgment.[4] In July of 1995, the district court granted defendants' motions to dismiss for want of subject matter jurisdiction, finding that Callicrate was a citizen of Kansas rather than Wyoming and concluding that complete diversity between the parties was therefore lacking. In its order of dismissal, the district court referenced five of the depositions submitted by the parties. Callicrate subsequently refiled his action in a Kansas state court in September of 1995 against Co-Op and Thomas, but not against Farmland.

Following the district court's order of dismissal, all defendants submitted a bill of costs and Callicrate filed objections to the requested costs. In January of 1996, the Clerk awarded Farmland $8,146 for copying expenses, Thomas $31,088.69 for deposition transcripts, copying and printing expenses, and Co-Op $9,735.93 for deposition transcripts and copying expenses. Callicrate subsequently moved to retax the costs, and the district court entered an order upholding the costs assessed by the Clerk. However, recognizing that

---

[4] During discovery, depositions were taken of twenty individuals. Callicrate initiated eleven of the depositions, Thomas initiated eight, and Co-Op initiated only one deposition. Farmland took no depositions.

some of the assessed costs may be reassessed in the state court action, the district court imposed a stay on the execution of the award of costs with respect to Co-Op and Thomas, pending disposition of the state court action.[5] The district court further stated that if Callicrate should prevail in state court, or if the costs are waived by defendants, no costs will be due. The district court held, however, that if defendants prevail in state court or do not waive the costs in the event a settlement is entered, the costs awarded in the federal court will be due by Callicrate.

## II

We must keep in mind the fact that in the instant case we are dealing with what are "just costs" under 28 U.S.C. § 1919, and not with costs allowed under § 1920 or Fed. R. Civ. P. 54(d). See Edward W. Gillen Co. v. Hartford Underwriters Ins. Co., 166 F.R.D. 25, 27-28 (E.D. Wis. 1996). Nevertheless the standards applied under § 1920 are helpful, we feel. See Signorile v. Quaker Oats Co., 499 F.2d 142, 145 (7th Cir. 1974).[6] The taxing of costs rests in the sound judicial discretion of the district court, cf. U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988) (reviewing rulings on

---

[5] Since defendant, Farmland, is not a party to the state court action, and because the district court did not name Farmland in its order of stay, Callicrate is presumably immediately indebted to Farmland for the assessed costs awarded to Farmland, regardless of the outcome of the state court action.

[6] The Signorile opinion, 499 F.2d at 144, reviews the historical background to point out that before the enactment of the statutory antecedent of 28 U.S.C. § 1919 it was held that "in all cases where the cause is dismissed for want of jurisdiction, no costs are allowed." McIver v. Wattles, 9 Wheat. 650, 22 U.S. 287 (1824).

requests for costs sought under 28 U.S.C. § 1920), and we therefore review the district court's award of costs and its order imposing the stay of execution for an abuse of discretion. See U.S. Industries, 854 F.2d at 1245; Jane L. v. Bangerter, 61 F.3d 1505, 1509 (10th Cir.1995). "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 669 F.2d 620, 623 (10th Cir.1982). Moreover, even if the court finds the costs sought were for materials or services necessarily obtained, the amount of the award requested must be reasonable. U.S. Industries, 854 F.2d at 1245. And though use at trial by counsel or the court demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs. Id. at 1246.

The costs at issue here involve expenses covering the transcribing and/or copying of twenty depositions.[7] Callicrate argues that the defendants made no showing that the depositions were necessarily obtained for use in the case. Further, Callicrate maintains that

___

[7]Callicrate took the depositions of eleven persons, all of whom were employees or representatives of the several defendants: Will Schaffer, Dennis Hague, Mike Sweat, Link Boyd, Keith Dehaan, Ed Morrison, Stan Stark, William Brown, Mel Quint, Larry Deines, and Jim Thomas. Aplt. Brief at 10; Aple. (Farmland) Brief at 2, 4, 6-7; Aple. Supp. App. at 10-13, 15-16, 20-21, 23-25. Farmland took no depositions. Aplt. Brief at 11; Aple. (Farmland) Brief at 2. Thomas took the depositions of eight persons: Mike Callicrate, Vicki Callicrate, Joe Hoffman, Jr., Jennifer Hoffman, Tim Burr, Lynn Shelby, Chris Heddins, and Allen Sippel. Aplt. Brief at 10-11; Aplt. App. at 532. The Co-Op only took the deposition of one person, Gerald Calnon. Aplt. Brief at 10; Aplt. App. at 532.

6

the majority, if not all, of the depositions taken by defendants were purely investigatory in nature, and, as such, should not have been taxed as costs. In support of his argument that the depositions were not necessary for use in this case, Callicrate points out that only approximately 150 pages out of 5,860 pages of deposition transcripts were submitted by defendants. Moreover, although each defendant requested costs for the transcript copies of the eleven depositions taken by Callicrate, no portion of nine of these depositions was ever submitted to the district court. Callicrate therefore argues that the award of costs was excessive, improper, and constituted an abuse of discretion.

We disagree. The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920. As noted earlier, when an action is dismissed by a district court, or a few other enumerated courts, for want of jurisdiction as was the case here, the payment of "just costs" may be ordered. 28 U.S.C. § 1919. Although depositions taken merely for discovery are not taxable as costs, a deposition is not obtained unnecessarily even if not strictly essential to the court's resolution of the case where the deposition is offered into evidence, is not frivolous, and is within the bounds of vigorous advocacy. Furr v. AT&T Technologies, Inc., 824 F.2d 1537, 1550 (10th Cir. 1987).

Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court. U.S. Industries, 854 F.2d at 1245. However, "items proposed by winning parties as costs should always be given careful scrutiny." Id. (quoting

Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964)). "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." U.S. Industries at 1245-46. However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs. Id.

We have recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred, Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434 (10th Cir. 1990) (citing Copper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087, 1099 (5th Cir. 1982)), and we feel that the same test as to timing for deciding necessity applies under § 1919. Cf. Signorile, 499 F.2d at 145.[8] We are aware that the realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court on purely jurisdictional grounds or on grounds other than the merits. At the time that the parties engage in discovery, however, they may not know

_____

[8]We are mindful that there is a fundamental distinction between awarding costs under § 1919, and under § 1920 and Fed. R. Civ. P. 54(d). While Rule 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." (emphasis added), § 1919 instead states that the court "may order the payment of just costs" (emphasis added) when a jurisdictional dismissal occurs. It has been noted that unlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party. Edward W. Gillen Co., 166 F.R.D. at 27.

8

whether such a motion will be granted or whether they will be forced to proceed to trial. Hence, caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial.

It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case. We will not, therefore, attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case. Rather, we hold that such a determination must be made based on the particular facts and circumstances at the time the expense was incurred.[9]

In its Memorandum Order upholding the award of costs, the district court found that the costs assessed pertain to depositions and expenses which were necessary during the course of this litigation. Memorandum Order at 2. Although we would have preferred a more detailed explanation from the district court regarding its decision to allow the costs,

---

[9]See also Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) (necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling); Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985) (it is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at trial); Fogleman v. Aramco, 920 F.2d 278, 285-286 (5th Cir. 1991) (if, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation or trial use, rather than merely for discovery, it may be included in the costs; the district court is accorded great latitude in this determination).

Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997), the record sufficiently indicates the district court's reasoning on the costs. Callicrate makes much of the fact that ten of the twenty depositions were not used by the parties in connection with their motions to dismiss. However, it is clear from the record that nine of the ten depositions not cited or used in the dispositive motions were taken by Callicrate.[10] Thus, it certainly appears that the parties or the court cited and actually used at least a portion of all but one of the depositions which defendants initiated. Further, it was also reasonable for the defendants to request copies of the depositions initiated by Callicrate, especially in light of the fact that all of the individuals deposed by Callicrate were employees or representatives of one or more of the defendants.[11]

---

[10]In their motions to dismiss, defendants cited the depositions of six persons: Mike Callicrate, Vicki Callicrate, Gerald Calnon, Lynn Shelby, Jennifer Hoffman, and Joe Hoffman, Jr. Aple. Supp. App. at 27-48. Callicrate filed motions for partial summary judgment and cited the depositions of four persons: Mike Callicrate, Chris Heddins, Lynn Shelby, and Allen Sippel. Aple. Supp. App. at 49-61. In its response to Callicrate's motion, the Co-Op cited the depositions of three persons: Jim Thomas, Chris Heddins and Mike Callicrate, and in his response, Thomas cited the depositions of four persons: Mike Callicrate, Chris Heddins, Jim Thomas and Bill Brown. Aple. Supp. App. at 62-84. The trial court cited the depositions of five persons in its order dismissing the case: Mike Callicrate, Vicki Callicrate, Gerald Calnon, Joe Hoffman, Jr., and Jennifer Hoffman. Aplt. App. at 154-166.

This leaves ten depositions not cited by either the parties or the court: Will Schaffer, Mike Sweat, Keith Dehaan, Ed Morrison, Melvin Quint, Dennis Hague, Link Boyd, Tim Burr, Stan Stark, and Larry Deines. Aple. (Farmland) Brief at 6. Of these ten, nine of the depositions were taken by Callicrate, and the remaining deposition of Tim Burr was taken by Thomas. Aplt. Brief at 10-11. We have examined Burr's deposition and feel it was material to the claim of Callicrate for liability against defendants. See Supp. App. at 113-120.

[11]See note 7.

10

We are therefore satisfied that the trial court properly found that the depositions for which costs are requested appeared reasonably necessary for the preparation of, and use in, litigation at the time they were taken. As we have already pointed out, all but one of the depositions initiated by defendants were used to some extent by the parties or the court in connection with the pretrial dispositive motions filed by Callicrate and defendants. The fact that ten depositions were not used by the parties or the court in these pretrial matters does not alter our thinking on this issue. Nine of these unused depositions were taken by Callicrate, and the costs requested for these depositions stem from the fact that defendants incurred expenses to obtain copies of such depositions. Defendants' request for costs associated with such copying is appropriate given the fact that, at the time the copies were made, it appeared reasonably necessary that such would be used either in preparation for litigation or in pretrial matters. This is especially true when considering the fact that these unused depositions, taken by Callicrate, were of persons employed by or representing the several defendants. There is no suggestion that defendants requested such copies in order to increase the costs of litigation or to place any burden on Callicrate.

The fortuitous result of dismissal for lack of jurisdiction should not alter the fact that the costs requested here relate to expenses that, when incurred, appeared reasonably necessary in order to adequately prepare defendants' case for trial and to provide adequate grounds for the filing of pretrial and potentially dispositive motions. Defendants would have been remiss to have merely taken, or requested copies of, depositions directed solely to the

jurisdictional issue or to Callicrate's motions for partial summary judgment. Given the nature of federal litigation, it was incumbent on defendants to fully prepare their case on the merits, even if dismissal on jurisdictional grounds seemed likely.

Additionally, it is undisputed that the depositions were taken and the copies were made prior to the parties' submission of their dispositive motions and briefs, and certainly prior to the district court's dismissal of the case on jurisdictional grounds, at a time when the parties were otherwise preparing for trial in the event the motions were denied. The fact that much of the product of discovery was rendered unnecessary for use in the district court following the dismissal is immaterial.

The judge found that "the costs assessed pertain to depositions and expenses which were necessary during the course of this litigation; moreover, the assessment is full and fair, and is due from plaintiff." Memorandum Order at 2. Plaintiff Callicrate has not shown these findings to be clearly erroneous. For the foregoing reasons, we affirm the Memorandum Order with respect to its award of costs to defendant Farmland. The findings which we uphold are sufficient to support the award of $8,146 in costs for Farmland, and we feel that the allowance of them under § 1919 was "just." This is so particularly in light of the fact that there was, at the time of their allowance, no ongoing state court litigation between Callicrate and Farmland, which was not made a party in the state court suit. Due to these circumstances, Farmland could not recover any costs in the state court suit -- those covering

12

preparations on the jurisdictional issue or those dealing with the merits of the controversy between Callicrate and Farmland.

### III

We feel differently with respect to the award of costs of $9,735.93 in favor of the defendant Co-Op (Grinnell) since, when the costs ruling was made below, Callicrate's state court suit, in which Co-Op was made a party, had been commenced where the costs matter could be resolved. We turn now to our consideration of Callicrate's appeal challenging that cost award.

Subsequent to the July 31, 1995, dismissal of the federal court action below without prejudice due to lack of diversity jurisdiction, on September 11, 1995, plaintiff Callicrate refiled the action in the District Court of Ford County, Kansas. Memorandum Order at 1; Aplt. App., Section 1A at 550. That state court action asserted Callicrate's claims against all defendants except Farmland Industries. As explained above, we are upholding the cost award in favor of Farmland made by the federal district court. We are persuaded, however, that we should vacate the cost award of $9,735.93 in favor of Co-Op (Grinnell) because the controversy between Callicrate and Co-Op is in active litigation in the state court, and we are advised of no resolution of that phase of the controversy. As earlier stated, after argument before us on August 18, 1997, Callicrate and Thomas notified us of a settlement of their portion of the feed supplement controversy.

13

Since the merits of the controversy between Callicrate and Co-Op (Grinnell) is undecided, the determination below that Co-Op should recover costs incurred respecting the merits of the feed supplement controversy is speculative and premature. Recovery of costs for the depositions and expenses of Co-Op in meeting the merits of Callicrate's claims may be sought in the state court if Co-Op prevails there. Edward W. Gillen Co. v. Hartford Underwriters Ins. Co., 166 F.R.D. at 28. Under Kansas law the prevailing party will be entitled to an award of its costs. See K.S.A. § 60-2002(a) (unless otherwise provided by statute or by order of the judge, costs shall be allowed to the party in whose favor judgment is rendered). The district judge in the instant case recognized the fact that if the plaintiff Callicrate prevails in the state court action, no costs will be due there in favor of Co-Op. On the basis of the same reasoning, we feel that the award of costs pertaining to preparation and discovery going to the merits of the feed supplement controversy between Callicrate and Co-Op (Grinnell) should not have been awarded by the judge below to Co-Op because their recovery by Co-Op would be improper under federal law, as it would be under Kansas law, if Callicrate prevails against Co-Op on the merits of his claims.

We, therefore, vacate the entire award of costs in favor of Co-Op (Grinnell) and remand that claim for costs to the federal district court. There the court should determine, after any proceedings it deems necessary, the portion of costs properly recoverable by Co-Op that were directed to obtaining the dismissal of the action for lack of diversity jurisdiction. That portion of the costs the district judge on remand may award, in his discretion, under

14

§ 1919 to Co-Op. However, the district court is directed to dismiss, without prejudice, the claim for costs of preparations directed to meeting the merits of Callicrate's claims in the feed supplement controversy for which the state court action is ongoing.

Those costs of the parties for preparations on the merits of their controversy can be determined in the Kansas court on the basis of which party prevails in accord with Kansas law. The award of costs to be made there in the Kansas action may include those incurred before the dismissal of the federal court action below and further costs that are incurred before the dismissal of the federal court action which pertained to preparations for litigating the merits of the feed supplement controversy. That award in the Kansas court may, of course, include further costs that are incurred in the Kansas state court proceeding. All those costs may then be allowed by the Kansas court and taxed in accordance with the provisions of Kansas law.

This disposition will avoid the possibility of double or overlapping recovery of costs for preparations on the merits of the case by a speculative federal court costs award.

**IV**

Accordingly, we **AFFIRM** the award of costs made in the Memorandum Order of the district court in favor of Farmland Industries, Inc. in the amount of $8,146 and appealed by Callicrate in No. 96-3075.[12]

---

[12]Farmland was not mentioned in the stay order and the enforcement of the $8,146 cost award in Farmland's favor was not affected by the stay.

15

Our disposition made above vacating the costs award in favor of Co-Op (Grinnell) moots the cross-appeal of Co-Op in No. 96-3101 challenging the stay entered by the district judge of the enforcement of the costs award in favor of Co-Op. No. 96-3101 is accordingly **DISMISSED** as moot.

The costs award of $9,735.93 in favor of Co-Op (Grinnell) is **VACATED** and **REMANDED**. Insofar as that costs award is found on remand to pertain to discovery and preparations below respecting the merits of the feed supplement controversy, the claim as to that portion of the costs claim will be dismissed by the federal district judge, without prejudice. This disposition will permit the District Court of Ford County, Kansas, to consider which of such costs, if any, should be allowed to Co-Op (Grinnell) if it is the prevailing party under K.S.A. § 60-2002(a). Insofar as the costs award for Co-Op (Grinnell) is found below on remand to pertain to costs that were directed to obtaining the dismissal for lack of diversity jurisdiction, the judge in his discretion may award those costs to Co-Op (Grinnell).

In light of the settlement between plaintiff Callicrate and Thomas, of which we are advised, Callicrate's appeal in No. 96-3075 as to costs awarded to Thomas, and Thomas' cross-appeal in No. 96-3100 challenging the stay, are **DISMISSED** as moot.

**IT IS SO ORDERED.**