

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# Hygienics Direct Co v. Medline Ind Inc

Precedential or Non-Precedential:

Docket No. 00-4391

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Hygienics Direct Co v. Medline Ind Inc" (2002). *2002 Decisions*. Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


NO. 00-4391


HYGIENICS DIRECT COMPANY,
d/b/a/ HYGIENICS DIRECT, INC. and
NATIONAL DIRECT MEDICAL FOR CHILDREN;
HYGIENICS TELEMARKETING, INC.;
HYGIENICS CONSOLIDATED, INC.


v.


MEDLINE INDUSTRIES, INC.;
CHILD HOMECARE CORPORATION OF AMERICA;
THE ALLIANCE FOR CHILDREN'S HOSPITALS, INC.


Medline Industries, Inc.,
Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 98-cv-03883)
District Judge: Hon. Petrese B. Tucker


Submitted Under Third Circuit LAR 34.1(a)
April 4, 2002

Before: SLOVITER, BARRY, ALARC N*, Circuit Judges

(Filed: April 8, 2002)


OPINION OF THE COURT

_____


* Hon. Arthur L. Alarc¢n, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation. SLOVITER, Circuit Judge.

Defendant Medline Industries, Inc., appeals the District Court order denying its
Motion for Assessment of Costs and Attorneys' Fees and Expenses against plaintiffs
Hygienics Direct Company, Hygienics Telemarketing, Inc., and Hygienics Consolidated,
Inc. We will affirm.
                                    I.
     Hygienics Direct Company ("HDC"), Hygienics Telemarketing, Inc. ("HTI"), and
Hygienics Consolidated, Inc. ("HCI"), filed suit on July 24, 1998, against Medline
Industries, Inc. ("Medline"), Child Homecare Corporation of America ("CHCA"), and
The Alliance for Children's Hospitals, Inc. ("the Alliance"), in the United States District
Court for the Eastern District of Pennsylvania to recover damages for breach of contract,
misappropriation of trade secrets, and other claims arising under state law. HTI and HCI
are Pennsylvania corporations and general partners of HDC (collectively "Hygienics").
Medline is an Illinois corporation, CHCA is a Delaware corporation, and the Alliance is a
Kansas corporation. The complaint asserted diversity of citizenship jurisdiction pursuant
to 28 U.S.C. 1332.

Hygienics, a marketing and distribution company, entered into confidentiality agreements with Medline and the Alliance to develop its plan of marketing pediatric medical supplies to discharged hospital patients. Hygienics alleges that after disclosing its trade secrets to defendants, the defendants implemented Hygienics' business plan without including Hygienics in the venture. Hygienics claims that in doing so, defendants breached the confidentiality agreements, misappropriated Hygienics' business plan, and deprived Hygienics of the financial benefits of implementing the plan.

Hygienics sought injunctive relief and monetary damages. It provided a report from an expert that approximated damages at $500 million. However, on September 22, 1998, HDC voluntarily withdrew its Motion for Preliminary Injunction because it believed there was insufficient evidence to support the irreparable harm element necessary for a preliminary injunction.

After extensive discovery, defendants moved to exclude Hygienics' expert witness and also moved for summary judgment. On April 6, 2000, while these motions were pending, defendants filed a Suggestion of Lack of Subject Matter Jurisdiction, disputing diversity. The defendants based their Suggestion on a current Pennsylvania fictitious name registration statement for HDC that disclosed Interactive Marketing Venture, Inc. ("IMV"), a Delaware corporation, as a partner when the complaint was filed. Defendants contended that because CHCA was also a Delaware corporation there was a lack of complete diversity between plaintiffs and defendants.

On August 10, 2000, the action was reassigned from one district judge to another. Hygienics asserted that IMV had withdrawn from HDC more than two years before the litigation was initiated and that IMV had transferred all of its interests to HCI. However, the District Court was not convinced that IMV's partnership interest in HDC was terminated when the action commenced. The court noted that the alleged Withdrawal Agreement proffered by Hygienics was facially unreliable because it did not indicate IMV as the withdrawing partner and that Hygienics' tax records provided no evidence that IMV had clearly withdrawn.

On September 27, 2000, the District Court ruled that Hygienics had failed to carry its burden of proving complete diversity and dismissed the action for lack of subject matter jurisdiction, effective October 4, 2000. Although the court noted that there was evidence that supported a finding of diversity, it held that Hygienics failed to show by a preponderance of the evidence that IMV had completely withdrawn from the partnership by the time the action was commenced. The District Court allowed HDC the opportunity to submit additional jurisdictional evidence, but HDC declined and opted to continue the action in the Pennsylvania Court of Common Pleas. The court's order became final on October 10, 2000. Hygienics did not appeal the dismissal.

On October 12, 2000, Medline, CHCA, and the Alliance filed a Bill of Costs with the Clerk of the District Court and moved to assess costs, fees and expenses pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. 1919, 1920, 1927, and the court's inherent power. The defendants sought assessment of reporter's costs, witness fees, copy expenses, and attorneys' fees totaling $346,093.46. The defendants contended that costs should be awarded because Hygienics knowingly continued an action without subject matter jurisdiction, made an unsubstantiated motion for a preliminary injunction, and fabricated a $500 million expert damage report.

On November 28, 2000, the District Court issued an Order denying the requested assessment. The order in full reads:

> AND NOW, this 28th day of November, 2000, upon consideration of Defendant Medline, Inc.'s Motion for Assessment of Costs and Attorneys' Fees and Expenses (Docket # 162), Defendants Child Health Corporation of America and The Alliance for Children's Hospitals, Inc.'s Motion for Attorneys' Fees and Costs (Docket # 163), and the responses and replies thereto, as Plaintiffs had plausible grounds for asserting the existence of federal jurisdiction, notwithstanding the fact that Plaintiff's Complaint was ultimately dismissed after an intensive review demonstrated that Plaintiffs had fallen short of meeting their burden to demonstrate the existence of jurisdiction, and as Plaintiffs' procedural motions and practice before this Court during the

>         pendency of this action prior to dismissal had a reasonable
>         basis and were not vexatious or frivolous, IT IS HEREBY
>         ORDERED that Defendants' Motions are DENIED.

App. I at 24.  Only Medline appeals the November 28, 2000 Order.

                                II.

A.  Federal Rule of Civil Procedure 54(d) and 28 U.S.C.    1920

     We need spend little time on Medline's argument that we should remand this
matter to the District Court for the taxation of ordinary costs awardable under Rule 54(d)
and 28 U.S.C.    1920.

     Rule 54(d)(1) provides:

>                 Except when express provision therefor is made either in a
>         statute of the United States or in these rules, costs other than
>         attorneys' fees shall be allowed as of course to the prevailing
>         party unless the court otherwise directs . . .

     Because there is a statute, 28 U.S.C.    1919, that expressly covers the situation
here, i.e., dismissal for lack of subject matter jurisdiction, Rule 54(d)(1) is not applicable.

     The costs that can be taxed on behalf of a prevailing party are enumerated in 28
U.S.C.    1920.  Medline's argument that it was the prevailing party is not persuasive.  A
"prevailing party" for awarding costs is defined as "one who has been awarded some
relief by the court."  County of Morris v. Nationalist Movement, 273 F.3d 527, 536 (3d
Cir. 2001) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &
Human Res., 532 U.S. 598, 603 (2001)).  Further, if a court finds that it lacks subject
matter jurisdiction, the court has not decided the case on the merits.  Ray v. Eyster (In re
Orthopedic "Bone Screw" Prods. Liab. Litig.), 132 F.3d 152, 155 (3d Cir. 1997).  Thus, a
defendant cannot be considered a "prevailing party" when a complaint is dismissed for
lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue
that is fundamental to the action.  Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of
State, County, & Mun. Employees, 614 F. Supp. 141, 144 (E.D. Pa. 1985), aff'd, 810
F.2d 1164 (3d Cir. 1987).

     The District Court dismissed the case for lack of subject matter jurisdiction and did
not reach the merits of the case, which is currently proceeding in state court.  Medline has
not prevailed over Hygienics on any issue that is fundamental to the action and has not
been granted any relief by the court.  Thus, Medline cannot be considered a "prevailing
party" entitled to ordinary costs under Rule 54(d) and 28 U.S.C.    1920 until the case has
been decided on the merits.

B.  28 U.S.C.    1919

     The proper avenue for Medline seeking to recover costs is 28 U.S.C.    1919,
which provides:

>                 Whenever any action or suit is dismissed in any district court,
>         the Court of International Trade, or the Court of Federal
>         Claims for want of jurisdiction, such court may order the
>         payment of just costs.

     The taxing of costs under    1919 rests in the sound judicial discretion of the
district court and is reviewed for an abuse of discretion.  Callicrate v. Farmland Indus.,
Inc., 139 F.3d 1336, 1339 (10th Cir. 1998).  The district court commits an abuse of
discretion only if it bases its decision on an erroneous conclusion of law or if there is no
rational basis in the evidence for the finding.  Id.

     Unlike the situations covered by    1920 and Rule 54(d), there is no presumption
that costs will be awarded under    1919.  In Callicrate, the Tenth Circuit noted:

>                 While Rule 54(d)(1) provides that "costs . . . shall be allowed
>         as of course to the prevailing party unless the court otherwise
>         directs . . . ,"    1919 instead states that the court "may order
>         the payment of just costs" when a jurisdictional dismissal
>         occurs. It has been noted that unlike costs awarded under Rule
>         54, costs awarded under    1919 are not subject to a
>         presumption that they shall be awarded to a prevailing party.

139 F.3d at 1340 n.8 (emphases and omissions in original) (citing Edward W. Gillen Co. v. Hartford Underwriters Ins. Co., 166 F.R.D. 25, 27 (E.D. Wis. 1996)). The awarding of costs under 1919 turns on whether such an award is "just." Gillen, 166 F.R.D. at 28.

In this case, the District Court determined that costs should not be awarded to the defendants because Hygienics had "plausible grounds for asserting the existence of federal jurisdiction" and Hygienics did not act in a "vexatious or frivolous" manner. The District Court's ruling is, in essence, that the award of costs would not be "just" because Hygienics had acted in a reasonable manner. We see no basis to hold that this was not a rational determination in light of the evidence in the record. Section 1919 does not presume that the party prevailing on the jurisdictional issue should be awarded costs and the District Court did not abuse its discretion is choosing to award no costs at all.

C. 28 U.S.C. 1927

Medline also argues that costs should have been awarded pursuant to 28 U.S.C. 1927. Section 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Medline argues that Hygienics consciously disregarded the lack of diversity in the present case and proceeded with the action without fully investigating the diversity issue. Medline maintains that Hygienics' counsel did not perform the minimum good faith effort required before claiming diversity jurisdiction. Further, Medline contends that Hygienics acted in bad faith by recklessly proceeding with this action in conscious disregard of the consequences.

A finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing sanctions under 1927. Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991). The District Court's conclusions that the procedures and practices of Hygienics prior to the dismissal of the case had a "reasonable basis" and were "not vexatious or frivolous," and that Hygienics had "plausible grounds for asserting the existence of federal jurisdiction" necessarily belie any finding of bad faith motive on Hygienics' part. These conclusions find support in the record. There is thus no basis to award costs under 1927.

D. Inherent Powers

Finally, Medline asserts it should have been awarded costs under the court's inherent powers. In Chambers v. NASCO, Inc., 501 U.S. 32 (1991), the Supreme Court addressed the nature of the federal courts' inherent power to control the conduct of those who appear before them. Included among the types of sanctionable conduct discussed by Chambers were those cases where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Id. at 45-46 (quotations omitted). An award of sanctions pursuant to the court's inherent powers is reviewed under an abuse of discretion standard. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 181 (3d Cir. 2002). An abuse of discretion occurs when the trial court's decision relies upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of the law to the facts. Id. (quoting Orthopedic Bone Screw, 193 F.3d at 795).

The foregoing discussion disproves Medline's suggestion that Hygienics acted in bad faith, vexatiously, wantonly, or for oppressive reasons in filing suit against Medline in federal court. Thus, the District Court did not abuse its discretion in refusing to award costs based on its inherent powers.

III.

For the reasons set forth in this opinion, the order of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

                          /s/ Dolores K. Sloviter
              Circuit Judge        UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


                    NO. 00-4391


                HYGIENICS DIRECT COMPANY,
              d/b/a/ HYGIENICS DIRECT, INC. and
            NATIONAL DIRECT MEDICAL FOR CHILDREN;
                HYGIENICS TELEMARKETING, INC.;
                 HYGIENICS CONSOLIDATED, INC.

                            v.

                MEDLINE INDUSTRIES, INC.;
            CHILD HOMECARE CORPORATION OF AMERICA;
          THE ALLIANCE FOR CHILDREN'S HOSPITALS, INC.

                   Medline Industries, Inc.,
                              Appellant


          On Appeal from the United States District Court
             for the Eastern District of Pennsylvania
                   (D.C. Civil No. 98-cv-03883)
             District Judge:  Hon. Petrese B. Tucker


          Before:  SLOVITER, BARRY, ALARC N*, Circuit Judges


                          JUDGMENT

     This cause came on to be heard on the record from the United States District Court
for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR

_____

     *    Hon. Arthur L. Alarc¢n, Senior Judge, United States Court of Appeals for the
     Ninth Circuit, sitting by designation. 34.1(a) on April 4, 2002.
     On consideration whereof, it is now here ORDERED AND ADJUDGED by this
Court that the order of the said District Court entered November 29, 2000, be, and the
same is, hereby affirmed.  Costs taxed against appellant.  All of the above in accordance
with the opinion of this Court.
                          ATTEST:




                          Acting Clerk

Dated: 8 April 200