329 F.2d 424
 Dave FLEISCHER, individually and as trustee in dissolution
of Fleischer Studios, Incorporated, a Florida
corporation, Plaintiff-Appellant-Appellee,
v.
PARAMOUNT PICTURES CORPORATION,
Defendant-Appellee-Appellant, and MaxFleischer, and
Fleischer Studios, Incorporated, a New York
corporation,Defendants-Appellees-Appellants, and A.A.P.,
Inc., et al., Defendants-Appellees.
 No. 334, Docket 28574.
 United States Court of Appeals Second Circuit.
 Argued March 10, 1964.
Decided March 23, 1964.
 
 Gustave B. Garfield, New York City, for plaintiff-appellant-appellee Dave Fleischer.
 Paul Martinson, of Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant-appellee-appellant Paramount Pictures Corporation, and defendants-appellees Paramount Pictures, Inc., and Flamingo Films, Inc.
 Daniel Huttenbrauck, of Mendes & Mount, New York City, for defendants-appellees A.A.P., Inc., Associated Artists Productions, Inc. and W.P.I.X., Inc.
 Alfred H. Wasserstrom, of McCauley, Henry & Brennan, New York City, for defendant-appellee King Features Syndicate, Inc.
 George A. Katz, of Seligson & Morris, New York City, for defendant-appellee Dumont Broadcasting Corporation.
 Stanley H. Handman, New York City, for defendant-appellee-appellant Max Fleischer.
 Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.
 KAUFMAN, Circuit Judge.
 
 
 1
 In a seemingly endless series of diffuse complaints, filed in both state and federal courts, plaintiff-appellant Dave Fleischer has alleged that Paramount Pictures Corporation and its co-defendants have deprived him of his proper share of the proceeds to various motion-picture cartoons. The present action, seeking an accounting, was originally filed in October of 1957; an amended complaint adding a cause of action for alleged antitrust violations, was served the following month. In July of 1959, Judge Palmieri dismissed the antitrust claim, and refused to permit Fleischer to appear in the capacity of 'receiver' of Fleischer Studios, Inc., a long defunct Florida corporation, 180 F.Supp. 717 (S.D.N.Y.1959); plaintiff's second amended complaint, once again requesting an accounting, was finally dismissed on a motion for summary judgment by Chief Judge Ryan in September of 1963. 222 F.Supp. 40 (S.D.N.Y.1963).
 
 
 2
 Apart from the merits of Fleischer's claims, several factors justify the dismissals below, which are hereby affirmed.[1] When the conclusory allegations of the complaints are pierced, be they characterized as 'antitrust' or 'accounting' claims, it becomes apparent that plaintiff is simply asserting that Paramount has violated the express or implied terms of a 1941 contract. And since that agreement was not with Fleischer individually, but with Fleisher Studios, Inc., it is equally clear that Fleischer may not secure a personal recovery for an alleged wrong done to his corporation. While plaintiff attempts to invoke his status as 'trustee in dissolution' or 'receiver' of the corporation, he is nonetheless barred. Under Florida law, corporate claims not dealing with Florida real estate abate three years after the corporation is dissolved, Fla. Stat.Ann. 608.29, 608.30 (1961); Walder v. Paramount Publix Corp., 132 F.Supp. 912, 917-919 (S.D.N.Y.1955), and the present suit was filed more than eleven years after the demise of Fleischer Studios.
 
 
 3
 Although it is not necessary to consider the point, most if not all of Fleischer's allegations are also foreclosed to him on grounds of collateral estoppel. The rights and obligations of Paramount under the 1941 contract, as well as Fleischer's inability to recover for injuries suffered by his corporation, issues central to the instant case, were determined adversely to the plaintiff by the New York State courts in Fleischer v. W.P.I.X., Inc., 30 Misc.2d 17, 213 N.Y.S.2d 632, appeals dismissed, 14 A.D.2d 846 (1961), appeals dismissed, 11 N.Y.2d 876, 227 N.Y.S.2d 913, 182 N.E.2d 403, appeals dismissed, 371 U.S. 16, 83 S.Ct. 59, 9 L.Ed.2d 50 (1962). Although Paramount was not a party to the New York litigation, both this court and the New York Court of Appeals permit a prior judgment to be invoked defensively as against the unsuccessful party in the prior action, where the issues are the same and have been fully litigated. Zdanok v. The Glidden Co., 327 F.2d 944 (2nd Cir. 1964); First Congregational Church and Soc. of Burlington, Iowa v. Evangelical & Reformed Church, 305 F.2d 724 (2nd Cir. 1962); Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956).[2]
 
 
 4
 Although critical of Fleischer's attorney, Chief Judge Ryan denied Paramount's motion for an allowance of $15,000 counsel fees, and Paramount has filed a cross-appeal from his decision in this regard. While the conduct of Fleischer's counsel was properly disapproved, we affirm Judge Ryan's refusal to tax Fleischer with Paramount's attorneys' fees. American courts have traditionally refused to include counsel fees in a losing party's bill of costs, except in the most extraordinary of instances, and have virtually never awarded such fees in an action at law. Every litigant, regardless of the seeming frivolity of his claims, is entitled to have them determined on their merits, and not to be 'taxed out of court.' When viewed in this light, the District Court's action was entirely proper.
 
 
 
 [1]
 Fleischer's appeal from Chief Judge Ryan's award of summary judgment also brings up for review Judge Palmieri's earlier order, previously nonappealable, and interlocutory
 
 
 [2]
 The New York suits, although consolidated for trial, were brought separately against W.P.I.X., Inc., and N.T.A. Pictures, Inc. Since both W.P.I.X. and U.M. and M. TV Corp., N.T.A.'s wholly-owned subsidiary, are parties defendant to the present action, the case for invoking the earlier judgment is all the stronger