**BARRON'S EDUCATIONAL SERIES, INC., Plaintiff,**

v.

**George HILTZIK, N.S. Bienstock, Inc. and Alona Frankel, Defendants.**

No. 96 CV 5234.

United States District Court, E.D. New York.

Dec. 23, 1997.

**MEMORANDUM AND ORDER**

PLATT, District Judge.

Defendants move pursuant to Federal Rule of Civil Procedure 59(e) and 28 U.S.C.

§ 1919 to amend the July 1, 1997 Judgment to include an award of attorney's fees to defendants in the amount of $42,058.00. For the reasons set forth below, defendants' motion is DENIED.

## BACKGROUND

This action concerns the publication of the well-known children's book, "Once Upon a Potty." In October 1996, plaintiff Barron's Educational Series, Inc. commenced this declaratory judgment action under the Copyright Act alleging that defendants threatened to commit copyright infringement.

On December 31, 1996, defendants moved to dismiss the Complaint on two separate grounds. First, defendants argued that this Court lacked subject matter jurisdiction because Barron's action essentially was a contract claim which did not arise under the U.S. Copyright Act. Second, defendants contended that the action should be dismissed on *forum non conveniens* grounds and that Barron's claims should be tried in Israel under Israeli law.

On June 24, 1997, this Court granted defendants' motion to dismiss for lack of subject matter jurisdiction and held that "Barron's [copyright] infringement claim is purely incidental to a determination of the parties' contract rights." On July 1, 1997, the Clerk entered Judgment dismissing the action.

On December 12, 1997, defendants made a motion to amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) to include an award of attorney's fees to defendants in the amount of $42,058.00.

## DISCUSSION

■ It is a long-standing principle in American jurisprudence that each party is responsible for its own attorney's fees in the absence of extraordinary circumstances or a statute providing otherwise. *See Arcambel v. Wiseman*, 3 Dall. 306, 1 L.Ed. 613 (1796); *Fleischer v. Paramount Pictures Corp.*, 329 F.2d 424, 426 (2d Cir.1964), *cert. denied* 379 U.S. 835, 85 S.Ct. 68, 13 L.Ed.2d 43 (1964) (counsel fees may not be included in a losing party's bill of costs except in the most extraordinary of instances).

## 1. Attorney's Fees under 28 U.S.C. § 1919

■ Pursuant to 28 U.S.C. § 1919, whenever an action is dismissed for want of jurisdiction, a court has discretion to order the payment of "just costs." Defendants argue that the phrase "just costs" includes the payment of attorney's fees. Defs.' Mem. at 4 *citing* 28 U.S.C. § 1919. Although the phrase "just costs" is not defined in § 1919, defendants cite cases where courts interpreted this phrase to permit a discretionary award of attorney's fees. Notably, however, those cases do not grant attorney's fees under § 1919, rather fees were granted under parallel statutes. Plaintiff correctly asserts that there is not a single reported case in the history of American jurisprudence in which attorney's fees have been awarded under § 1919. *See* Pl.'s Mem at 2.

In asserting attorney's fees are "just costs" under § 1919, defendants rely heavily on *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.* 305 F.Supp. 803 (S.D.N.Y.1969). In that case, Judge Cooper stated that permitting the taxing of "just costs" under § 1919 may be seen as enhancing the district court's discretion to tax extraordinary items of costs such as attorney's fees. *Id.* at 810. However, the district court did not award attorney's fees under § 1919 when it dismissed the appeal for want of jurisdiction because no extraordinary circumstances existed, *i.e.*, there was no fraud or trickery practiced upon the court or other party. *Id.*

Indeed, in *Fleischer v. Paramount Pictures Corp.*, 329 F.2d 424, 426 (2d Cir.1964), the Second Circuit held:

American courts have traditionally refused to include counsel fees in a losing party's bill of costs, except in the most extraordinary of instances, and have virtually never awarded such fees in an action at law.

Finally, other Circuits agree with this interpretation of "just costs" in § 1919. *See, e.g., Signorile v. Quaker Oats Co.*, 499 F.2d 142, 146 (7th Cir.1974) (absent a showing of extraordinary circumstances, such as financial burden or hardship, the term "just costs" under § 1919 does not include attorney's fees).

Here, there exists no indication of fraud or trickery practiced upon this Court or the defendants. Additionally, there is no showing that defendants suffered financial burden or hardship. Therefore, although 28 U.S.C. § 1919 grants a court discretion to tax "just costs," the circumstances of this case do not warrant an award of attorney's fees.

## 2. Attorney's Fees Under 28 U.S.C. § 1447(c)

Alternatively, defendants contend, this Court should look to judicial interpretation of parallel statutes which include the phrase "just costs." According to defendants, cases interpreting 28 U.S.C. § 1447(c), which deals with removal of cases to federal court, have allowed recovery of attorney's fees as a "just cost."

To this end, defendants rely on two cases. In *Baas v. Elliot*, 71 F.R.D. 693 (E.D.N.Y. 1976), Judge Pratt dismissed a professor's wrongful termination action because the case was improperly and, in bad faith, removed under § 1447(c) (prior to its amendment). The Court held that Professor Baas was entitled to an award of "just costs" from the college "in connection with the federal court proceedings, including, but not limited to, an attorney's fee of $350." *Id.* at 694. In *Elsis v. Hertz Corp.*, 581 F.Supp. 604 (E.D.N.Y. 1984), Judge Wexler awarded the parties $250.00 representing "just costs" and attorney's fees incurred when the matter was removed improvidently and without jurisdiction on the eve of trial and "removal served to delay timely litigation of the matter." *Id.* at 608.

To bolster their argument that this Court should look to the interpretation of § 1447(c) to determine that "just costs" under § 1919 includes attorney's fees, defendants assert that both statutes serve the purpose of conserving judicial resources by deterring unwarranted federal claims. Defendants assert that the inclusion in both statutes of the phrase "just costs" strongly suggests that the statutes are to be construed *pari passu*. See, e.g., *Jordan v. Lyng*, 659 F.Supp. 1403, 1412 (E.D.Va.1987) ("[O]rdinarily, two statutes with a common purpose and similar language should be interpreted *pari passu*

because, absent a clear manifestation to the contrary, the legislature is presumed to intend the same result by using similar language in similar legislation.").

Nevertheless, plaintiff correctly asserts that § 1447(c) specifically permits the recovery of attorney's fees thus, confirming the principle that when Congress intends that attorney's fees be awarded, it explicitly provides so. The relevant portion of § 1447(c) provides:

> If [after removal] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

Indeed, one may speculate that under this statute, attorney's fees were intended to be "actual expenses" and not "just costs" as defendants maintain. Finally, the two cases upon which defendants rely which permit an award of attorney's fees appear to require a showing of bad faith. Because defendants never argued plaintiff engaged in conduct demonstrating bad faith, this Court is not persuaded to compare parallel statutes to impose an award of attorney's fees under § 1919.

## CONCLUSION

For the reasons set forth above, defendants' motion to amend the Judgment to include an award of attorney's fees must be and the same hereby is DENIED.

SO ORDERED.