**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OTAY LAND COMPANY, a Delaware
limited liability company; FLAT
ROCK LAND COMPANY, a Delaware
limited liability company,
          *Plaintiffs-Appellants,*

v.

UNITED ENTERPRISES LTD., a
California limited partnership;
UNITED ENTERPRISES, INC., a
Delaware corporation; JOHN T.
KNOX; THE OTAY RANCH L.P., a
California limited partnership;
BALDWIN BUILDERS, a California
corporation; SKY COMMUNITIES,
INC., a California corporation;
OLIN CORPORATION, a Virginia
corporation; PHIL G. SCOTT; RAY
ENNISS; PATRICK J. PATEK; SKY
VISTA, INC.,
          *Defendants-Appellees.*

No. 10-55550

D.C. No.
3:03-cv-02488-
BEN-POR

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted
November 8, 2011—Pasadena, California

Filed March 14, 2012

Before: Ferdinand F. Fernandez, Karen Nelson Moore,* and M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

*The Honorable Karen Nelson Moore, Circuit Judge for the Sixth Circuit, sitting by designation.

## COUNSEL

James A. Bruen, San Francisco, California, and Michelle Burton, San Diego, California, for the plaintiffs-appellants.

Barbara Suzanne Farley, Piedmont, California, for defendants-appellees United Enterprises Ltd., United Enterprises, Inc., John T. Knox.

R. Gaylord Smith, San Diego, California, for defendants-appellees United Enterprises Ltd., United Enterprises, Inc., John T. Knox.

Thomas A. Teschner, San Diego, California, for defendants-appellees United Enterprises Ltd., United Enterprises, Inc., John T. Knox, Patrick J. Patek.

Mark J. Dillon, Carlsbad, California, for defendants-appellees The Otay Ranch L.P. and Baldwin Builders, Sky Communities, Inc., Sky Vista, Inc.

Stephen A. Sunseri, Carlsbad, California, for defendants-appellees Baldwin Builders, Sky Communities, Inc., Sky Vista, Inc.

Thomas L. Van Wyngarden, Salt Lake City, Utah, for defendant-appellee Olin Corporation.

Walter Bradley Hill, Orange, California, for defendant-appellee Phil G. Scott.

John J. Freni, San Diego, California, for defendant-appellee Ray Enniss.

---

## OPINION

McKEOWN, Circuit Judge:

Given the complexities of litigation and the escalating magnitude of attorneys' fees, it is no surprise that appellate review of attorneys' fees and costs has focused overwhelmingly on

fees. Nonetheless, costs also can add up to a considerable amount and because fees are not always available by contract, statute or otherwise, an award of costs can take on heightened importance.

Under 28 U.S.C. § 1919, when a suit is dismissed for lack of jurisdiction, the court "may order the payment of just costs." This case requires us to parse the term "just" and consider what constitutes "just costs." Here, the district court awarded costs to defendants on the ground that they were necessarily incurred in defending the action. Because the district court implied a presumption of award of costs that is absent in the permissive statute, and because it equated incurred costs with "just costs," we conclude that the court abused its discretion under § 1919.

## BACKGROUND

This case, which is on its second trip to this court, began in December 2003 when Otay Land Company and Flat Rock Company, LLC (collectively, "Otay") filed a federal action against U.E. Limited, L.P., United Enterprises Ltd., United Enterprises Inc., John T. Knox, Baldwin Builders, The Otay Ranch L.P., Sky Communities, Inc., Sky Vista, Inc., Olin Corporation, Ray Enniss, Phil Scott, and Patrick Patek (collectively, "United Enterprises"). Otay's Third Amended Complaint alleged that United Enterprises, comprised of former owners and operators of a shooting range in Chula Vista, California, was responsible under § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act and § 7002 of the Resource Conservation and Recovery Act for removing lead and other pollutants from the real property in question, now owned by Otay. The complaint also included a claim under the California Hazardous Substances Account Act, as well as other state causes of action.

After extensive discovery, United Enterprises filed motions for summary judgment and partial summary judgment. The

district court granted the motions for summary judgment, dismissing the federal environmental claims on the merits and declining to exercise ancillary jurisdiction over the pendent state law claims. *See Otay Land Co. v. U.E. Ltd., L.P.*, 440 F. Supp. 2d 1152, 1157-58 (S.D. Cal. 2006), *vacated by Otay Land Co. v. United Enters. Ltd.*, 338 F. App'x. 689 (9th Cir. 2009). Following the dismissal, Otay filed a nearly identical action against United Enterprises in a California state court. As the prevailing party, United Enterprises submitted its cost bill to the district court. Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the district court awarded United Enterprises costs of $271,990.56 for court reporter, witness and service fees. On appeal, our court vacated the district court's judgment and remanded with directions to dismiss Otay's complaint. *See Otay Land Co.*, 338 F. App'x. at 691. The panel reasoned that the case was not yet ripe for judicial review because "no public agency has indicated the need for remediation of the subject property and Otay has not demonstrated a reliable basis for its claimed remedial costs . . . ." *Id.* The panel remanded to the district court for determination of whether defendants were entitled to costs under 28 U.S.C. § 1919. *Id.* at 692.

On remand, at a hearing on costs, the district court advised the parties:

> Counsel, I have to tell you, I have reviewed the case pretty thoroughly. I don't see any reason why costs should not be imposed in this case. Even though there is, perhaps, no prevailing party, it does certainly appear to me that just cause [sic] should be awarded to the defendants. It appears that this action was filed prematurely, and so, therefore, you know, it just makes sense to me to award costs to the defendants.

Otay argued that the district court should not award costs because Otay's state law claims were pending against the

same parties in a California court and the discovery at issue would be equally applicable in the state court action. United Enterprises responded that costs validly incurred in defending the federal action should be awarded.

The district court agreed with United Enterprises and again awarded all costs to United Enterprises, this time under § 1919 rather than under § 1920. Reasoning that many courts look to § 1920 for "help" in determining "just" costs under § 1919, the district court noted that costs for deposition transcripts and service of summons and subpoenas are enumerated under § 1920.[1] The district court also observed that the "necessity and reasonableness" of costs may be considered in awarding costs under § 1920. The district court awarded the costs as "necessary because they enabled Defendants to properly ascertain the claims in the case and litigate the case accordingly."

---

[1] 28 U.S.C. § 1920 provides, in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

ANALYSIS

## I. Background of § 1919 and Just Costs

**[1]** Section 1919 provides that "[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. Unlike Rule 54(d)(1) ("costs—other than attorney's fees—should be allowed to the prevailing party"), a cost award under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court. *See Miles v. California*, 320 F.3d 986, 988 n.2 (9th Cir. 2003) (noting that § 1919 is "permissive," allows the district court to award " 'just costs,' " and does not carry a presumption that costs shall be awarded to the " 'prevailing party' ").

Section 1919 traces its roots to an 1875 congressional act that altered the common law rule that a court lacking jurisdiction had no power to award fees or costs. *See Signorile v. Quaker Oats Co.*, 499 F.2d 142, 144 (7th Cir. 1974) (citing *McIver v. Wattles*, 9 Wheat. 650, 22 U.S. 650, 6 L.Ed. 182 (1824)). Through Section 5 of the Act of March 3, 1875, 18 Stat. 470, 472, Congress conferred on circuit courts the power, when remanding a suit to state court that had been improperly or wrongfully removed to the federal courts, to "make such order as to costs as shall be just." As explained in *Mansfield, C. & L.M. Ry. v. Swan*, this provision was "manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." 111 U.S. 379, 387 (1884).

**[2]** "The law applied in *Mansfield* is still on the books, now split into two and modified."[2] *Citizens for a Better Env't*

---

[2] The Judicial Code of 1948 separated Section 5 of the Act of March 3, 1875 into *three* separate statutes: language dealing with improper joinder

*v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). According to the Seventh Circuit,

> One part appears in 28 U.S.C. § 1919:
>
>> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.
>
> The other [part] survives as 28 U.S.C. § 1447(c):
>
>> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

*Id.* In the years since the passage and recodification of Section 5 of the 1875 Act, Congress has remained silent as to what constitutes "just costs" when an action is dismissed or remanded for lack of jurisdiction.[3] We therefore turn to analogous statutes to understand the meaning of the term.

---

or collusion was incorporated into 28 U.S.C. § 1359; the removal provisions into 28 U.S.C. § 1447; and the remainder into 28 U.S.C. § 1919. *See* H.R. Rep. No. 80-308, at A162 (1947).

[3]The floor debates accompanying the passage of the original 1875 act did not include discussion of "just" costs. *See* 2 Cong. Rec. 4301, 4302-04, 4978-88 (1874). The change in language from "costs as shall be just" to "just costs" enacted by the 1948 judicial acts was described as "one of phraseology and not of substance." *Signorile*, 499 F.2d at 144; *see also* H.R. Rep. No. 80-308, at A162.

**[3]** In discussing § 1447(c), the Supreme Court characterized the objective of the Act of March 3, 1875 as the "desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-40 (2005); *see also id.* ("When applying fee-shifting statutes, 'we have found limits [to the district court's discretion] in the large objectives of the relevant Act, which embrace certain equitable considerations.' ") (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759 (1989)). Accordingly, the Court determined that district courts should award attorney's fees and costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

## II.  Award of Costs Under § 1919

**[4]** In determining "just costs" under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances. An emphasis on a "case-by-case approach" based on "the circumstances and equities of each case" is in keeping with a court's discretion to award costs, "a practice long recognized in equity." 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2668, at 230-31 (3d ed.1998) (discussing discretionary nature of Rule 54(d)); *see also Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs.*, 179 F.R.D. 328, 334 (N.D. Ala. 1998) (the "broad discretion" allowed to trial courts in awarding costs "encourages this court to exercise its discretion as to what are 'just costs' under the totality of circumstances"). Although "just costs" is a unitary standard, it involves a two step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs.

**[5]** Here, the district court awarded "just costs" as "necessary because they enabled Defendants to properly ascertain

the claims in the case and litigate the case accordingly." Our difficulty with this approach is that it is essentially identical to the prevailing party presumption of Rule 54(d). The district court's rationale assumes that United Enterprises is entitled to costs because it "prevailed" on the ripeness issue and that the costs were just because they were incurred. But our case law makes clear that § 1919 carries no such presumption. *See Miles*, 320 F.3d at 988 n.2. Nor should costs be presumed just solely because they were necessarily incurred. As the Supreme Court has said of a related statutory provision, 28 U.S.C. § 1447(c), § 1919 allows courts to award costs, "but only when such an award is just. The question remains how to define that standard." *Martin*, 546 U.S. at 138. Recognizing that this is explicitly a discretionary cost statute, we offer a number of considerations that could be factored into such a decision. We do not suggest that these considerations are the only appropriate ones; nor do we suggest that all of them must be addressed in every case.

**[6]** To begin, and most importantly, § 1919 stands in stark contrast to costs under Rule 54(d), which turns on a prevailing party standard. *See Miles*, 320 F.3d at 988 ("Because Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party.") (citing *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)). The court's authority under § 1919 was "manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." *Mansfield*, 111 U.S at 387. But the mere fact that authority is now granted does not mean that costs are mandated. *See Miles,* 320 F.3d at 988 n.2.

Another consideration is the role played by exigent circumstances, such as hardship or culpable behavior by the parties. Otay argues that costs should not have been awarded because no such circumstances were present in this case. To the extent

that Otay argues that costs should not be awarded absent exigent circumstances, we disagree. Although exigent circumstances may properly be considered a factor in the court's determination of "just costs," we decline to make it the threshold requirement for such a finding. *But see Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.,* 166 F.R.D. 25, 28 (E. D. Wis. 1966) (denying cost award to defendants in matter dismissed for lack of diversity on grounds that there had been no "exigent circumstances" such as "financial hardship," "prejudice," or "culpable delay"). Such an approach reads too much into the statute. Under § 1919, costs may be justly awarded even absent extraordinary circumstances. *Cf. Martin*, 546 U.S. at 138-39 (declining to apply the "frivolous, unreasonable, or without foundation" standard when considering just costs under 28 U.S.C. § 1447(c), on the basis that "we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied") (internal quotation marks omitted).

**[7]** Otay is on stronger ground to the degree that it points to the overall reasonableness of its jurisdictional claim and to the fact that United Enterprises did not move for summary judgment on the basis of jurisdiction, as relevant factors in determining just costs. We agree that the strength of the plaintiff's jurisdictional claim is a legitimate consideration, albeit not definitive. *See Ericsson*, 179 F.R.D. at 334 (awarding defendants only those costs conceded by plaintiffs as necessary where it was "undisputed that [plaintiff's] claims, both as to jurisdiction and as to merits, were far from frivolous").

Incorporation of this factor strikes us as appropriate because it comports with the "large objectives" and "equitable considerations" the Supreme Court found in § 1919's predecessor, the Act of March 3, 1875. As previously referenced, in *Martin* the Court concluded that Congress sought, with the removal statute, to balance the goal of deterring removals sought merely for the purpose of prolonging litigation and imposing costs on the opposing party, with that of affording

defendants a right to remove as a general matter when proper. *See Martin*, 546 U.S. at 140. Although § 1919 deals with actions initially brought in federal court, not removal, its goals are easily analogized to Congress' "large objectives" in the removal context. *Id.* at 141. That is, the driving motivation behind § 1919 is to balance the need to deter improper or wrongful invocations of federal jurisdiction against the importance of providing a federal forum for actions that fulfill the "statutory criteria" for jurisdiction. *Id.*

It might be argued that we should take this principle to the next logical step and conclude that, in light of their shared history, the standard for just costs under § 1919 and just costs under § 1447(c) should be one and the same. Such a rule would require district courts to award just costs only when the plaintiff's invocation of federal jurisdiction was objectively unreasonable. *See Martin*, 546 U.S. at 141 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

We decline to embrace this rationale. Although § 1447(c) and § 1919 may share a legislative history, they are now different statutes and govern cost awards under different procedural circumstances. Significantly, § 1447(c) involves attorney's fees, an additional basis that differentiates it from § 1919. *See Signorile*, 499 F.2d at 145 (attorney's fees should be awarded under § 1919 only under "extraordinary circumstances"); *see also Barron's Educ. Series, Inc. v. Hiltzik*, 987 F. Supp. 224, 225 (E.D.N.Y. 1997) ("[T]here is not a single reported case in the history of American jurisprudence in which attorney's fees have been awarded under § 1919"). Most importantly, such a rule would divest district courts of their broad discretion to take into account other equitable considerations. The plain language of § 1919 supports the notion that the proper standard for "just" costs is what is most fair

and equitable under the circumstances. *Cf. Ericsson*, 179 F.R.D. at 331 ("The word 'justice' is an elongation of the word 'just.' 'Justice' and 'fairness' have a close kinship. Thus, the sole question before the court in this case can be restated simply as 'what is fair here?' ").

A final consideration, which is particularly pertinent here, is the significance of pending parallel litigation in state court. Otay contends that the district court erred in awarding "just costs" because Otay has filed a similar action against United Enterprises in California state court and costs should be sorted out at the conclusion of that litigation.

Both parties focus on *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336 (10th Cir. 1998), the closest analogous case. The Tenth Circuit concluded that where the merits of the case remained in active litigation between the parties in state court, an award of costs in federal court under § 1919 was "speculative and premature." *Id.* at 1342. After the district court dismissed the plaintiff's action due to a lack of diversity between the parties, the plaintiff, like Otay here, refiled the same claims in state court against two of the three defendants. *Id.* The district court awarded costs to all defendants. *Id.* at 1338. The Tenth Circuit vacated the award of costs, reasoning that because the merits of the controversy between the parties remained undecided, any cost award respecting those merits was inappropriate. *Id.* at 1342. In particular, the court noted that under the applicable state law, the prevailing party in state court would be entitled to an award of its costs. *Id.* According to the Tenth Circuit, any award of costs respecting the controversy would be "improper under federal law, as it would be under [state] law, if [plaintiff] prevails against [defendant] on the merits of his claims." *Id.*

**[8]** Here, the district court did not abuse its discretion in declining to follow *Callicrate*. Unlike in *Callicrate*, a diversity action in which the plaintiff refiled the state law claims in state court, *see id.* at 1337-38, Otay may not refile its two

dismissed federal claims in state court, nor may it refile the federal claims unless they are ripe. This is reason enough to distinguish *Callicrate*. As a general matter, a blanket rule that just costs can never be awarded under § 1919 when state litigation respecting the merits of the controversy is pending between the parties would inappropriately narrow the district court's discretion in a manner unjustified by the statute. If the costs in question are "just" in the federal case, we see no need to defer to future proceedings in state court. As for the danger of double recovery, we presume that state courts will exercise their available discretion to prevent such an event.[4] *See, e.g.*, Cal. Civ. Proc. Code § 1032(a) (providing for an award of costs to the prevailing party under certain circumstances, "unless the context clearly requires otherwise"). Thus, while the existence of parallel state litigation may factor into a district court's determination of just costs, it should not be the only factor, a point we believe the district court recognized in this case.[5]

**[9]** In light of our explanation that a determination of "just

---

[4]The parties dispute whether an award of the discovery costs incurred in the federal action could be recovered by the prevailing party in the state action, a question we need not resolve. *See Sarah Daft Home v. Hansen (In re Bauer's Estate)*, 138 P.2d 721, 722 (Cal. Ct. App. 1943) ("Costs are allowable only in the action in which the costs are incurred."). Nor do we need to address the parties' dispute whether Otay's state claim is functionally equivalent to its federal claims. The district court ought not be required to resolve the overlapping merits of federal and state cases simply to determine just costs.

[5]Otay also argues that the district court violated Local Rule 54.1(b)(3)(a) of the United States District Court for the Southern District of California ("Local Rule 54.1") by allowing defendants to claim costs for copies of depositions. We note, however, that Local Rule 54.1 expressly applies to 28 U.S.C. § 1920 and Fed. R. Civ. P 54(d). *See* Local Rule 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the *prevailing party* is entitled to costs . . . ." (emphasis added)). Therefore, it does not bind the district court in awarding costs under § 1919; instead, at its discretion, the court may award any costs it deems "just."

costs" under § 1919 must involve an analysis of what is fair and equitable under the totality of the circumstances, we conclude that the district court's standard is inadequate and erroneous. The award of costs may well have been appropriate here. But we do not take a position on the ultimate award of costs, a decision we leave to the district court. Rather, we reiterate that while § 1920 may be helpful in determining *what costs to award* once other relevant factors have been considered, its enumeration of cost items is not a substitute for determining whether an award of costs is "just" under § 1919. Nor can the award of costs be presumed simply because a party was successful on a threshold ground and the costs were incurred. We vacate the cost award and remand to the district court to consider the "just costs" issue consistent with the considerations outlined in this opinion.

**VACATED AND REMANDED.**