11-2457-cv
Castillo Grand, LLC v. Sheraton Operating Corporation

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2011

Heard: June 25, 2012          Decided: June 18, 2013

Docket Nos. 11-2457-cv

- - - - - - - - - - - - - - - - - - - - - - - -

CASTILLO GRAND, LLC,

    Plaintiff-Appellant,

               v.

SHERATON OPERATING CORPORATION,

    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, WINTER, and RAGGI, Circuit Judges.

Appeal from the December 23, 2010, order of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., District Judge), awarding $200,000 in attorney's fees and $30,000 in costs for refiling a lawsuit after non-diverse members of a limited liability corporation were dropped in an attempt to invoke diversity of citizenship jurisdiction.

Order vacated and remanded with directions to delete the award of attorney's fees.

> Todd Evan Soloway, (Joshua D. Bernstein, on the brief), Pryor Cashman LLP, New York, N.Y. for Appellant.
>
> Alexander Widell, (William A. Brewer, James S. Renard, on the brief), Bickel & Brewer, New York, N.Y., for Appellee.

JON O. NEWMAN, Circuit Judge:

This appeal presents two issues concerning an award of attorney's fees. The first is whether the "just costs" authorized by 28 U.S.C. § 1919 when an action is dismissed for lack of jurisdiction include attorney's fees. The second, arising if a statutory basis for attorney's fees is lacking, is whether, on the facts of this case, fees were properly awarded for a litigant's maneuvering to re-assert diversity jurisdiction after failure of an initial attempt. These issues arise on an appeal by Plaintiff-Appellant Castillo Grand, LLC, ("Castillo") from the December 23, 2010, order of the District Court for the Southern District of New York (Robert P. Patterson, Jr., District Judge), awarding attorney's fees of $200,000 and costs of $30,000 to Defendant-Appellee Sheraton Operating Corporation ("Sheraton"). Castillo does not challenge the award of costs.

We conclude that section 1919 does not authorize an award of attorney's fees and that, although such fees may be awarded on a non-statutory basis for bad faith in the conduct of litigation, fees were not warranted under the circumstances of this case. We therefore vacate the order and remand with directions to delete the award of attorney's fees.

## Background

Castillo filed a complaint ("the first action") against Sheraton in the District Court, alleging state law claims and invoking subject matter jurisdiction based on diversity of citizenship pursuant to 28

U.S.C. § 1332(a). Castillo alleged that it is a Florida limited liability company with its principal place of business in Florida and that Sheraton is a Delaware corporation with its principal place of business in New York. Sheraton filed an answer and eight counterclaims, also invoking diversity jurisdiction. Discovery proceeded for three years, during which the parties took thirty-four fact depositions and eight expert witness depositions. Sheraton filed a motion for partial summary judgment on an affirmative defense, which the District Court denied.

One month before the scheduled start of the trial, Sheraton moved to dismiss for lack of subject matter jurisdiction on the ground that two of the members of Castillo's limited liability company were New York citizens at the time Castillo filed its complaint. Sheraton, relying on Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), which held that the citizenship of all members of a limited liability corporation (like the partners of a partnership) controls for diversity purposes, contended that complete diversity did not exist. In response, Castillo conceded that one of its constituent members was a New York citizen at the time Castillo had filed its complaint and did not oppose Sheraton's motion to dismiss. The District Court dismissed the first action without prejudice for lack of jurisdiction.

Prior to dismissal of the first action, Castillo's counsel advised the Court that Castillo intended to "cure" the jurisdictional defect by dropping the non-diverse member of its company and filing a "new action" alleging the same claims between the same parties. Castillo contended that it was entitled to pursue this course on the authority of Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004), which we discuss below. Thereafter, Sheraton advised the Court that any attempt by Castillo to alter the citizenship of the company would violate 28 U.S.C. § 1359. Section 1359 provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Castillo then filed in the District Court a new complaint ("the second action") against Sheraton, which contained almost identical substantive claims. Castillo paid a new docketing fee, and the second action was assigned a docket number different from that of the first action. On Sheraton's motion, the District Court dismissed the second action for lack of subject matter jurisdiction. Castillo Grand LLC v. Sheraton Operating Corp., No. 09 CV 7197, 2009 WL 4667104 (S.D.N.Y. Dec. 9, 2009) ("Dismissal Op."). The Court stated that Castillo's reorganization was undertaken to invoke the jurisdiction of the Court and that "[t]he law is clear in this circuit that transactions

engineered by a party for the purpose of creating federal diversity jurisdiction are precisely the sort of conduct prohibited by § 1359." Id. at *2. An appeal from that dismissal was withdrawn with prejudice by stipulation, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. No. 09-5143 (2d Cir. Apr. 28, 2010).

Sheraton thereafter moved for "just costs" including attorney's fees pursuant to 28 U.S.C. § 1919. Section 1919 provides: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." Sheraton contended that Castillo had filed the second action in violation of section 1359, causing Sheraton to incur legal fees and costs in moving for dismissal.

The District Court granted the motion pursuant to section 1919, awarding Sheraton its requested attorney's fees of $200,000 and costs of $30,000. See Castillo Grand LLC v. Sheraton Operating Corp., No. 09 Civ. 7197, 2010 WL 5298179 (S.D.N.Y. Dec. 23, 2010). The Court stated:

> [C]ounsel for Sheraton made clear, prior to the filing of the new complaint, that Plaintiff would run afoul of Section 1359 if it attempted to reconfigure Castillo, LLC to manufacture diversity jurisdiction and that any effort to do so would result in failure. The plain reading of Section 1359 as well as case law supported Sheraton's counsel's warning.

Id. at *3. The Court subsequently denied Castillo's motion for reconsideration. See Castillo Grand LLC v. Sheraton Operating Corp., No. 09 CV 7197, 2011 WL 1793352 (S.D.N.Y. May 6, 2011).

Discussion

I. Are Attorney's Fees Authorized by Section 1919?

The United States follows the "American Rule" regarding attorney's fees: "[T]he prevailing party may not recover attorneys' fees as costs or otherwise." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 245 (1975). This rule may be modified by statute, id. at 263-64, or relaxed under common law principles in "the most extraordinary of instances," Fleischer v. Paramount Pictures Corp., 329 F.2d 424, 426 (2d Cir. 1964); see Alyeska, 421 U.S. at 258-59. Furthermore, in the absence of statute, federal courts lack authority to assess costs when subject matter jurisdiction is lacking. See W.G. v. Senatore, 18 F.3d 60, 64 & n.1. (2d Cir. 1994). Section 1919 clearly modifies this rule to provide statutory authority for costs when subject matter jurisdiction is lacking, but the initial issue in this case is whether the "just costs" authorized by section 1919 include attorney's fees so as to provide a statutory exception to the "American Rule."

We think they do not. Congress has usually been explicit when it wants costs to include attorney's fees. For example, 28 U.S.C. § 1447, which specifies procedures following removal of a case from state court to federal court, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . [and] may require payment of just costs and any actual expenses, including attorney

6

fees, incurred as a result of the removal" (emphasis added). In <u>Marek v. Chesny</u>, 473 U.S. 1, 8 (1985), the Supreme Court listed several statutes that explicitly include attorney's fees as part of "costs." In contrast, section 1919 neither defines "just costs" nor makes any mention of attorney's fees.

Other circuits considering the issue have ruled that section 1919 does not provide a statutory exception to the American Rule. See <u>Otay Land Co. v. United Enterprises Ltd.</u>, 672 F.3d 1152, 1159 (9th Cir. 2012); <u>Wilkinson v. D.M. Weatherly Co.</u>, 655 F.2d 47, 49 (5th Cir. 1981); <u>Signorile v. Quaker Oats Co.</u>, 499 F.2d 142, 145 (7th Cir. 1974). As of 1997, another district court could say, "[T]here is not a single reported case in the history of American jurisprudence in which attorney's fees have been awarded under § 1919." <u>Barron's Educational Series, Inc. v. Hiltzik</u>, 987 F. Supp. 224, 225 (E.D.N.Y. 1997).[1]

In light of the statutory text and the decisions of other circuits considering the issue, we conclude that section 1919 does not provide a statutory exception to the American Rule.

---

[1]In 2004, one district court awarded attorney's fees "under the rubric of section 1919," ruling that this provision "does not provide the unique basis" for an award of fees, but that fees were warranted because the plaintiff's action was "wrongful" in that it knew that subject matter jurisdiction was lacking. See <u>Correspondent Services Corp. v. JVW Investment, LTD.</u>, No. 99 Civ. 8934, 2004 WL 2181087, at *16 (S.D.N.Y. Sept. 29, 2004).

II. Are Attorney's Fees Warranted Under Common Law Principles?

Even if statutory authorization for attorney's fees is lacking, a District Court may award attorney's fees under one of the common law exceptions to the American Rule. Because the common law power to award attorney's fees derives from the court's equitable powers and is unrelated to the merits of an action, a court may still award fees even though it lacks subject matter jurisdiction. See Willy v. Coastal Corp., 503 U.S. 131, 138 (1992).

It is arguable that, because Congress did not define "costs" in section 1919 to include attorney's fees, Congress expected section 1919 to displace whatever equitable power federal courts might otherwise have to award such fees under common law principles. We reject that argument. In the absence of any indication that Congress intended to say anything about attorney's fees in enacting section 1919, we think the statute neither authorizes such fees nor precludes their award under common law principles.

Federal courts have identified only a limited number of circumstances where an award of attorney's fees as part of costs is merited under common law principles. These circumstances include "willful disobedience of a court order," see Alyeska, 421 U.S. at 258 (internal quotation mark omitted), acts taken "in bad faith, vexatiously, wantonly, or for oppressive reasons," id. at 258-59 (internal quotation marks omitted), or suits where one litigant's expenses benefit a larger class, see Mills v. Electric Auto-Lite Co.,

8

396 U.S. 375, 392 (1970).  See also Hall v. Cole, 412 U.S. 1, 5-6 (1973).

In the pending case, the most relevant exception is the one for acts taken "in bad faith."  Sheraton argues that Castillo's decision to file the second action, if not exactly bad faith, was similarly blameworthy because Castillo knew or should have known that it was not entitled to alter the membership of its limited liability company to satisfy diversity jurisdiction.  This is so, Sheraton contends, because Castillo's maneuver violated section 1359 and was prohibited by the Supreme Court's decision in Grupo Dataflux.

Whether Castillo violated section 1359 is not entirely clear. The District Court thought this provision was violated because, in the Court's words, "the plain language of the statute . . . prohibits improper or collusive invocation of federal jurisdiction 'by assignment or otherwise.'" Dismissal Op., 2009 WL 4667104, at *3 (emphasis in original).  We are not so sure.

What the plain language of section 1359 does is bar a federal court from exercising jurisdiction of an action in which "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke jurisdiction of such court." 28 U.S.C. § 1359. Clearly no assignment occurred in the pending case, but, as the District Court noted, section 1359 applies where a party has been

9

improperly made or joined to invoke jurisdiction by assignment "or otherwise." Dismissal Op. at *3 (emphasis in original). Equally clearly, no party has been "joined." Whether a party has been "made" is less clear.

We have located no decision explicitly interpreting the word "made" in section 1359. As used in this provision, the word seems to have two possible meanings. It could mean that a party was "made" in the sense of being created. Or, with only the slightest rearrangement of the text, it could mean that a person or entity was "made to become a party." The first interpretation is perhaps illustrated by Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327 (1895), where the Supreme Court, considering a precursor to section 1359,[2] ruled that a plaintiff corporation could not establish diversity jurisdiction by re-incorporating itself in a diverse state. See id. at 342. Doing so, the Court said, "should be regarded as a case of an improper and collusive making of parties for the purpose of creating a case cognizable in the [federal] court." Id. (emphasis added). The second interpretation is perhaps illustrated by cases rejecting jurisdiction where a diverse person is selected as an administrator and then made to become a party for the purpose of obtaining federal jurisdiction.

---

[2]Act of March 3, 1875, c. 137, 18 Stat. 470, codified at 28 U.S.C. § 80 (1940).

10

See O'Brien v. AVCO Corp., 425 F.2d 1030, 1036 (2d Cir. 1969); Lester v. McFaddon, 415 F.2d 1101, 1102-06 (4th Cir. 1969) (administrator with only nominal duties).[3]

We have some doubt whether Castillo's action in dropping its non-diverse members violated section 1359. Castillo did not join a party by assignment or otherwise, and it strains the word to say that it "made" a party (or caused itself to be made a party) by dropping its non-diverse members. Our doubt is reinforced by noting that when the Supreme Court decided a case with facts extremely close to those of the pending case, it never mentioned section 1359. See Grupo Dataflux, supra. In that case, two non-diverse members of a limited partnership left the partnership after a complaint was filed. See id., 541 U.S. at 569. The Supreme Court invoked the time-of-filing rule, id. at 569-77, a rule of ancient lineage, see Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824) (R. Donaldson ed. 1824), and upheld a district court's dismissal for lack of diversity jurisdiction. See Grupo Dataflux, 541 U.S. at 570-80. The Court distinguished the case from one where dispensable non-diverse parties are dropped to cure a lack of complete diversity, see id. at 574-75, pointing out that, as in our case, the dropping of the non-diverse partners was not "a change in

---

[3]Going beyond the words of section 1359, we have stated in dictum that "we construe section 1359 broadly to bar any agreement whose 'primary aim' is to concoct federal diversity jurisdiction." Airlines Reporting Corp. v. S and N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995) (quoting O'Brien, 425 F.2d at 1034 (dictum)).

11

the parties to the action, but . . . a change in the citizenship of a continuing party." Id. at 575.

In the pending case, the District Court acknowledged that the partnership in Grupo Dataflux had not violated section 1359 because "there was no suggestion that the non-diverse partners were dropped in order to create federal subject matter jurisdiction." Dismissal Op., at *6.  Nevertheless, the Court deemed Castillo to have violated section 1359 because the non-diverse members were dropped for the purpose of creating jurisdiction.  As we have pointed out, however, that action does not appear to fit within the literal wording of the actions proscribed by section 1359.

We need not rule definitively on the coverage of section 1359 because other language in Grupo Dataflux afforded Castillo a good-faith basis to believe that its action was permissible.  In that case, the partnership had unsuccessfully sought to sustain diversity jurisdiction by contending that the change in its citizenship permitted it to continue with the same action that it had originally filed.  "[T]he obvious course," the Court instructed, "for a litigant whose suit was dismissed as [the partnership's] was, would have been immediately to file a new action." Grupo Dataflux, 541 U.S. at 581. That is precisely what Castillo did here.  The reconstituted company filed a new action and paid a new filing fee, and the new action was assigned a new docket number.  The District Judge reasonably thought that such refiling saves jurisdiction for an entity only where its non-diverse members leave for unknown reasons, as in Grupo Dataflux,

and not where they are dropped in order to create jurisdiction. Without deciding whether the Supreme Court intended to make that distinction, which is at least debatable, we conclude that Castillo was not in bad faith in thinking that the Supreme Court's language rendered its refiling permissible.

Moreover, Castillo advised the District Court, prior to the dismissal of the first action, of its intent to refile the complaint after "curing" the jurisdictional defects, as well as its belief that Supreme Court precedent permitted such a step. This candid admission that Castillo intended to drop the non-diverse members in order to create diversity jurisdiction is evidence that Castillo believed in good faith that its proposed action would be effective. And Castillo was entitled to take some comfort from the District Court's decision, based on Castillo's proposed course of action, to hold the original trial date in anticipation of Castillo's refiling its complaint, see Dismissal Op. at *1, a step the Court was unlikely to have taken if jurisdiction would clearly not be available for the refiled complaint.

Although the District Judge thoroughly and thoughtfully considered the matter before him, we conclude, for all of the reasons stated, that this is a rare instance where he exceeded his discretion in awarding attorney's fees.[4]

---

[4]Sheraton attempts to bolster the District Court's award of attorney's fees by analogizing this case to Correspondent Services. That case, however, is distinguishable. In Correspondent Services, the District Court awarded attorney's fees because the sanctioned

13

Conclusion

The District Court's order is vacated and remanded with directions to delete the award of attorney's fees.

_____

party knew that subject matter jurisdiction was lacking, yet invoked the court's power to attach property anyway. See Correspondent Services, 2004 WL 2181087, at *15-*16. Here, Castillo had reason to believe that subject matter jurisdiction existed.